UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL A. BURNHART, | ) Case No. C05-1603-JLR-JPD |
| Petitioner, | ) |
| v. | ) ORDER DENYING PETITIONER'S |
| | ) MOTION FOR RECONSIDERATION |
| JAMES THATCHER, | ) |
| Respondent. | ) |

On January 6, 2006, respondent filed a motion to extend the deadline for filing an answer in the above-captioned matter. Dkt. No. 17. The motion, which was submitted the day the answer was due, was granted on January 9, 2006; before petitioner filed a response in opposition. Dkt. No. 18. Petitioner now moves the Court to reconsider its order granting the extension. Dkt. No. 21. He argues that the motion should not have been granted because, it erroneously referred to "Mr. Young," who is not a party to this matter, and because respondent's request for records from Division II of the Washington Court of Appeals appears unnecessary. *Id*. Having carefully reviewed the motion and balance of the record, the Court orders as follows:

(1) Petitioner's motion for reconsideration, Dkt. No. 21, is DENIED. Motions for reconsideration are disfavored and will not be granted without a showing of manifest error or a

ORDER DENYING PETITIONER'S MOTION FOR
RECONSIDERATION
PAGE -1

showing of new facts or legal authority which could not have been presented to the Court's attention earlier without reasonable diligence. Local Rule CR 7(h).

Here, petitioner has failed to make the requisite showing. As petitioner points out, respondent's motion erroneously refers to "Mr. Young's Habeas Corpus Petition." However, this reference is nothing more than a typographical error. The motion's caption properly lists the parties and identifies the proper case number. Additionally, the fact that respondent has requested files from Division II of the Washington Court of Appeals is insufficient to deny the motion. Although the relevance of such files is unclear at this time, counsel for the respondent has stated that the motion was made in good faith and not for any improper purpose, which the Court accepts at face value. Petitioner is advised that the State court records are necessary for this Court to make a full and fair evaluation of his petition.

The Court is cognizant of petitioner's concern that he did not have an opportunity to respond to the motion. Typically, motions for relief from a deadline are considered at least seven days after they are filed. Local Rule 7(d). In this case, however, the Court granted respondent's motion because, it was a timely first request for relief, the deadline for filing the answer was imminent, and because petitioner was not prejudiced by the extension. Petitioner is reminded that the Court will consider all timely motions properly before it.

(2)   The Clerk is directed to send a copy of this Order to the parties and to the Honorable James L. Robart.

DATED this 23rd day of January, 2006.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

ORDER DENYING PETITIONER'S MOTION FOR
RECONSIDERATION
PAGE -2