UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL A. BURNHART, | ) |
| Petitioner, | ) Case No. C05-1603-JLR-JPD |
| v. | ) |
| JAMES THATCHER, | ) ORDER |
| Respondent. | ) |

Petitioner is an inmate at the King County Correctional Facility in Kent, Washington who has filed a pro se 28 U.S.C. § 2254 petition for writ of habeas corpus. Petitioner does not challenge his current sentence. Rather, he attacks his September 19, 2001, sentence in Snohomish County Superior Court for one count of theft of rental, leased or lease-purchased property valued at $1,500 or more. Dkt. Nos. 9, 10, 25, Ex. 1.[1] The State court sentenced petitioner to twelve months and one day incarceration, with 111 days credit for the time he served prior to sentencing. Dkt. No. 25, Exs. 2, 3. It also imposed restitution and certain other costs, but imposed no community custody, community placement, or other post-incarceration obligation. *Id.* As petitioner's reply indicates, he concluded this sentence on or around March 8, 2002. Dkt. No. 26 at 3.

---

[1] On June 1, 2000, petitioner pleaded guilty in Snohomish County Superior Court to one count of theft of rental, leased or lease-purchased property valued at $1,500 or more. Dkt. No. 25, Ex. 1.

ORDER
PAGE -1

The government has filed a response opposing the petition. Dkt. No. 23. Among other things, it argues that petitioner is no longer in custody pursuant to the challenged conviction and that the Court therefore lacks jurisdiction. The record, however, is inadequate to make this determination.

In order for a federal court to have jurisdiction to issue a writ of habeas corpus, the petitioner must be "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490, 494 (1989) (per curiam). This requires that the petitioner be in custody pursuant to the sentence he is attacking by way of his petition. *Maleng*, 490 U.S. at 490-91. The in-custody requirement can be satisfied by physical incarceration, supervised release, court-ordered treatment programs, and other conditions that impose significant limitations on a petitioner's liberty. *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998) (internal citations omitted). In limited circumstances, the in custody requirement for an expired sentence can be satisfied when a petitioner is currently incarcerated on a second, related sentence. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394 (2001); *Brock v. Weston*, 31 F.3d 887 (9th Cir. 1994). However, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual in custody for purposes of the habeas attack upon it." *Maleng*, 490 U.S. at 492.

The record in this case is insufficient to accurately determine whether the in custody requirement is satisfied. Therefore, pursuant to Rule 7 of the Rules Governing § 2254 Cases in U.S. District Courts, the Court directs respondent to supplement the record with information regarding:

(1) When petitioner completed his 2001 sentence, or confirmation that the March 8, 2002, release date that petitioner indicated in his responsive brief is accurate;

ORDER
PAGE -2


01       (2)    The charge(s), duration, and expected release date of the sentence petitioner is
02 currently serving; and
03       (3)    The relationship of petitioner's current sentence, if any, to his challenged 2001
04 sentence.
05     Respondent shall provide the above-described information **no later than May 18,**
06 **2006**. After respondent has supplemented the record, petitioner shall file a response that
07 addresses the correctness of the supplemental materials. Petitioner's response shall be filed
08 **no later than June 1, 2006**. A showing of good cause in advance of the deadline is required
09 if either party wishes to extend these deadlines.
10     The Clerk is directed to send a copy of this order to petitioner, respondent, and to the
11 Honorable James L. Robart.
12     DATED this 18th day of April, 2006.

                                                */s/ James P. Donohue*
                                                JAMES P. DONOHUE
                                                United States Magistrate Judge

ORDER
PAGE -3