UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL A. BURNHART, | ) |
| Petitioner, | ) Case No. C05-1603-JLR-JPD |
| v. | ) |
| JAMES THATCHER, | ) REPORT AND RECOMMENDATION |
| Respondent. | ) |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner has filed a 28 U.S.C. § 2254 petition for writ of habeas corpus. Respondent has filed a response opposing the petition. Following a careful review of the parties' papers and record, the Court recommends that petitioner's § 2254 petition be denied because petitioner is no longer in custody pursuant to the challenged sentence.

## II. FACTS AND PROCEDURAL HISTORY

On June 1, 2001, petitioner pleaded guilty in Snohomish County Superior Court to one count of theft of rental, leased or lease-purchased property valued at $1,500 or more. Dkt. No. 25, Ex. 1.[1] Shortly thereafter, petitioner absconded, but was later arrested on separate felony charges and held for 111 days pending sentencing. Ex. 2 at 6-9, 12-13. On September 19, 2001, he was sentenced to twelve months and one day incarceration, with 111

---

[1] All subsequent references to exhibits are found at docket entry 25, unless otherwise stated.

REPORT AND RECOMMENDATION
PAGE -1

01  days credit for the time he served prior to sentencing. Exs. 2-3. Although the court ordered
02  petitioner to pay court costs and restitution in the amount of $6,449.53, it imposed no
03  community custody, community placement, or any other restrictions on his liberty. Exs. 2, 3.
04  Petitioner did not file a direct appeal.
05      On October 9, 2001, petitioner filed his first personal restraint petition ("PRP") in
06  Division I of the Washington Court of Appeals (the "Court of Appeals"). Ex. 4. In it, he
07  argued that the State violated his plea agreement by recommending a higher sentence than
08  originally agreed upon. *Id.* He also challenged the sufficiency of the evidence used to
09  support his plea. *Id.* On February 11, 2001, the Court of Appeals dismissed the PRP. Ex.
10  11. It found that the additional crimes petitioner committed prior to sentencing justified the
11  sentence and that there was sufficient evidence to support his plea. *Id.* On March 14, 2002,
12  petitioner's 2001 sentence expired and he was released from prison. Dkt. No. 28, Ex. B. On
13  April 8, 2002, the Court of Appeals issued a certificate of finality for the first PRP. Ex. 12.
14      On November 8, 2004, more than two years after the expiration of his 2001 sentence,
15  petitioner filed a second PRP with the Court of Appeals that challenged the 2001 conviction.
16  Ex. 13. Petitioner argued that he had been denied a fair trial because the sentencing judge
17  and his victim were related, that he had been given an exceptional sentence in violation of
18  *Blakely v. Washington*, 542 U.S. 296 (2004), and that the Department of Corrections
19  miscalculated the time he was required to serve. Ex. 13. On June 2, 2005, the Court of
20  Appeals dismissed the PRP as successive, untimely, and not "adequately supported by the
21  record." Ex. 14. The Court of Appeals issued its certificate of finality on August 16, 2005.
22  Ex. 15.
23      On September 29, 2005, petitioner filed a 28 U.S.C. § 2254 petition for writ of habeas
24  corpus in this Court. Dkt. No. 4. The Court declined to serve the petition because it failed to
25  name a proper respondent. Dkt. No. 5. Petitioner later amended the petition and the Court
26

REPORT AND RECOMMENDATION
PAGE -2

directed service.[2] Dkt. Nos. 9, 12. On February 26, 2006, respondent filed an answer that argued, among other things, that petitioner was no longer in custody pursuant to the challenged sentence. Dkt. No. 23. Because the record lacked information regarding petitioner's current incarceration, the Court directed respondent to supplement the record. Dkt. No. 27. On May 18, 2006, respondent provided the requested information. Dkt. No. 28. The amended petition and full record are now before the Court.

### III. CLAIMS FOR RELIEF

This petition lists the following grounds for relief: (1) the prosecutor erred by failing to disclose that the sentencing judge was related to petitioner's victim; (2) the trial court should not have allowed petitioner to proceed to sentencing pro se; (3) petitioner's trial counsel was ineffective; (4) the trial court erroneously calculated petitioner's sentence; (5) the Department of Corrections miscalculated the date petitioner should have been released; and (6) the Court of Appeals erroneously granted an extension of time after the State failed to meet the deadline to respond to his first PRP. Dkt. No. 9. Because the sentence petitioner challenges fully expired in 2002, the threshold issue before the Court is whether he can satisfy the jurisdictional in-custody requirement necessary for habeas review to proceed.

### IV. DISCUSSION

In order for a federal court to have subject-matter jurisdiction to issue a writ of habeas corpus, the petitioner must be "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490, 494 (1989) (per curiam); *Williamson v. Gregoire*, 151 F.3d 1180, 1182-83 (9th Cir. 1998). This requires that the petitioner be in custody pursuant to the sentence he is attacking by way of his petition. *Maleng*, 490 U.S. at 490-91. "[O]nce

---

[2]On October 25, 2005, petitioner filed a second amended petition that was substantively similar to the first and which (again) attempted to correct the erroneous respondent named in the first petition. Dkt. No. 10. The Court informed petitioner that the first amended complaint was proper and that it had been served on respondent. Dkt. No. 11.

the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual in custody for the purposes of the habeas attack upon it." *Id.* at 492 (internal quotations omitted).

When a habeas petitioner is incarcerated pursuant to a subsequent conviction and the expired conviction was used to enhance the subsequent conviction, the in-custody requirement can be satisfied for purposes of challenging the current conviction in certain, limited circumstances. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) (discussing *Maleng*, 490 U.S. at 493-94); *Brock v. Weston*, 31 F.3d 887, 890-91 (9th Cir. 1994). However, before the Court can construe a habeas petition as an attack on a current sentence as enhanced by a prior expired condition, petitioner must first show a "positive and demonstrable nexus between [the] prior conviction and current custody[.]" *Brock*, 31 F.3d at 890 (citing *Lowrey v. Young*, 887 F.2d 1309, 1312 (7th Cir. 1989)).

Even when this requirement can be met, a petitioner may generally not challenge the prior expired conviction by means of the allegedly enhanced current sentence. *Lackawanna*, 532 U.S. at 403-04. Although the Supreme Court has identified very limited exceptions to this rule, "to be eligible for review, the challenged prior conviction must have adversely affected the sentence that is the subject of the [current] habeas petition." *Id.* at 406. That is, the prior conviction must have "actually increased the length of the sentence the [subsequent] court ultimately imposed." *Id.* at 407.

Here, the petitioner is not challenging his current sentence as being enhanced by his expired 2001 sentence. The petition makes no mention of the 2005 sentence and instead attacks alleged errors in the 2001 sentence. It requests only that the Court "vacate [the] judgment and remove [a] point from [the] offender score" used to calculate the 2001 sentence. Dkt. No. 9. Petitioner's reply reiterates that the purpose of the petition is to vindicate his contention that the 2001 sentence was erroneous. It states that petitioner "understand[s] that [he] served the time for the crime . . . [b]ut the acknowledgment that [he]

REPORT AND RECOMMENDATION
PAGE -4

was right and the time spent was wrong would do a lot" to restore his faith in the criminal justice system. Dkt. No. 26 at 7. His supplemental answer further emphasizes that the focus of the petition is "his past crime" and not his current incarceration. Dkt. No. 30. Thus, petitioner is not in custody for purposes of this petition because there is no reasonable indication that he is attempting to attack his current sentence as enhanced by his prior expired sentence.

Even if the Court were to disregard the petition's plain language and construe this petition as an attack on the 2005 sentence as enhanced by the 2001 sentence, the petition would be dismissed because petitioner has made no showing that the prior sentence had any demonstrable impact on his current sentence. Petitioner is currently in custody pursuant to a 2005 conviction in Pierce County Superior Court on three counts of third degree child rape and two counts of third degree child molestation. Dkt. No. 28, Ex. A. He received five concurrent sixty-month terms of incarceration; the statutory maximum for each charge. Dkt. No. 28, Ex. A; Wash. Rev. Code §§ 9A.20.021(1)(c) (discussing maximum penalties for class C felonies), 9A.44.079 (third degree rape of a child is a class C felony), 9A.44.089 (third degree child molestation is a class C felony).

The sentencing court determined that petitioner's offender score for his 2005 convictions, without consideration of the 2001 conviction, was twelve.[3] Dkt. No. 28, Ex. A; *see also* Washington Adult Sentencing Guideline Manual I-10 - I-14, III-67, III-171 (2005). The standard sentencing range for persons with offender scores of nine or above is 77-102 months for third degree child rape and 72-96 months for third degree child molestation. Wash. Rev. Code §§ 9.94A.510 (sentencing grid), 9.94A.515 (description of seriousness levels). Hence, without any consideration of petitioner's 2001 conviction, petitioner's 2005 convictions required the imposition of a sixty-month sentence. Petitioner therefore cannot

---

[3]With consideration of petitioner's prior crimes, his offender score was seventeen. Dkt. No. 28, Ex. A; Wash. Rev. Code. §§ 9.94A.525(16), 9.94A.589.

REPORT AND RECOMMENDATION
PAGE -5

show *any* connection between his prior expired sentence and the sentence he is currently serving. Because petitioner's 2001 conviction "did not actually increase" the length of the 2005 sentence, the petition must be dismissed. *Lackawanna*, 532 U.S. at 407-08.

On May 25, 2006, petitioner submitted a "request . . . for [the] Court to review newly discovered evidence and additional information." Dkt. No. 30. The request did not actually provide any newly discovered evidence, but it did appear to argue that respondent's supplemental answer materials indicated petitioner was on probation for his 2001 sentence. Although there is a May 19, 2005, notation on petitioner's prison record for a "probation violation," there is no indication that this relates to his 2001 sentence.[4] Dkt. No. 28, Ex. B at 2. Indeed, no such condition was imposed as part of that sentence. Ex. Nos. 2-3. Moreover, petitioner concedes that "no community placement / custody" was imposed in connection with his 2001 sentence and that "no reporting nor any type of control was ordered by the [2001 sentencing] court. No. 31. Thus, there is no indication that petitioner is in custody pursuant to his 2001 sentence.

## IV.  CONCLUSION

Because petitioner is no longer in custody pursuant to the sentence challenged in this petition and because he can show no nexus between his current sentence and the prior expired sentence, the Court recommends that petitioner's 28 U.S.C. § 2254 petition be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 23rd day of June, 2006.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

---

[4] The notation appears to instead to relate to a May 18, 2005, felony committed in Everett, Washington. Ex. B at 2.